08-2378-cr
USA v. Stone (Tonks)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand ten.

Present:
    GUIDO CALABRESI,
    CHESTER J. STRAUB,
    ROBERT A. KATZMANN,
        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

        *Appellee*,

        v.                                                    No.  08-2378-cr

DYANE CATALANO, also known as BARBARA EDEN, STACEY DEFILIPPIS, also known as KATHY SULLIVAN, also known as LISA, AMELIA YOUNT,

        *Defendants*,

GEORGE BING TONKS, also known as ALEX MICHAEL HAUSNER, also known as DAVID LUIZ SILVA, also known as MIKE KAPLAN, also known as IAN STONE, also known as MICHAEL WARNER,

        *Defendant-Appellant*.

_____

For Defendant-Appellant:     ROBIN C. SMITH, Brooklyn, NY

For Appellee:     SHANE T. STANSBURY, Assistant United States Attorney (Andrew L. Fish, *of counsel*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-appellant George Bing Tonks was charged on September 11, 2006, with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and the substantive offense of wire fraud in violation of 18 U.S.C. § 1343. Tonks pleaded guilty to both counts on November 27, 2007, and on May 6, 2008, was sentenced principally to 115 months' imprisonment. On appeal, Tonks argues that: (1) the district court erred in failing to order an evidentiary hearing with respect to his allegations of outrageous government conduct; (2) the district court erred in failing to order a competency hearing; and (3) he received ineffective assistance of counsel. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

As an initial matter, Tonks's unconditional guilty plea precludes his claim of outrageous government conduct because "[a] defendant who pleads guilty unconditionally admits all elements of the formal charge and, in the absence of court-approved reservation of issues for appeal, waives all challenges to prosecution except those going to the court's jurisdiction." *United States v. Lasaga*, 328 F.3d 61, 63 (2d Cir. 2003).

As to Tonks's second claim, it is well established that a district court must conduct a

competency hearing where "the defendant may . . . be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a); *see also United States v. Quintieri*, 306 F.3d 1217, 1232 (2d Cir. 2002). However, because the district judge is in the best position to determine a defendant's level of competence, the question of whether to hold a competency hearing rests within the discretion of the district court. *See United States v. Nichols*, 56 F.3d 403, 414 (2d Cir. 1995).

We conclude that the district court did not abuse its discretion by determining that Tonks was competent to plead guilty and be sentenced. There was no shortage of opportunities for the district judge to observe Tonks and arrive at an informed assessment that Tonks was competent to plead and be sentenced. Perhaps more revealingly, at no point in the underlying proceedings did defense counsel indicate any concern about Tonks's competency. Indeed, this conspicuous silence firmly buttresses our determination that the district court did not err in concluding that Tonks was competent and, accordingly, that no competency hearing was necessary. *See United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995) ("A failure by trial counsel to indicate that the defendant had any difficulty in assisting in preparation or in comprehending the nature of the proceedings provides substantial evidence of the defendant's competence.") (internal quotation marks omitted)).

Finally, we are "disinclined to resolve ineffective assistance claims on direct review." *United States v. Gaskin*, 364 F.3d 438, 467 (2d Cir. 2004); *see also Massaro v. United States*, 538 U.S. 500, 504-505 (2003) (stating that "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" because the

3

district court is "best suited to developing the facts necessary to determining the adequacy of representation").  In the absence of further development of the record as to why defense counsel's representation was constitutionally defective, we decline to resolve Tonks's ineffective assistance claim at this juncture.  Accordingly, we dismiss Tonks's ineffective assistance of counsel claims without prejudice to their being raised subsequently in a § 2255 motion.

As we have considered the defendant's remaining arguments and find them to be without merit, we hereby **AFFIRM** the district court's judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK